**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **RONALD SATISH EMRIT,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 6:26-cv-01060-HLT** |
| **BARACK HUSSEIN OBAMA, et al.,** | |
| **Defendants.** | |

## ORDER

Plaintiff Ronald Satish Emrit filed this case pro se against various public figures.[1] He seeks "500 billion dollars for the commission of the torts of public nuisance, and tortious interference with politics." Doc. 1-2 at 1. The claims seem to arise out of former President Barack Obama's appearance in interviews and podcasts, which Plaintiff alleges is libel, slander, nuisance, and industrial espionage. *Id.* at 5. He alleges that companies featuring President Obama are committing tortious interference with business relations under the Federal Tort Claims Act. *Id.* He also alleges that the use of artificial intelligence in advertising increases stock prices and is an antitrust violation. *Id.* at 6-7.

Plaintiff sought leave to proceed in forma pauperis. Doc. 3. The magistrate judge issued a Report and Recommendation ("R&R") that recommends the undersigned deny that motion and dismiss this case. Doc. 4. The R&R cites 28 U.S.C. § 1915, which permits screening of a complaint where a party seeks to proceed without payment of fees. *Id.* at 1-2. The R&R notes that Plaintiff is a well-documented serial pro se filer who has filed hundreds of frivolous lawsuits, including

---

[1]  Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id.*

cases similar or identical to this one. *Id.* at 2. The R&R also raises valid questions about venue and personal jurisdiction. *Id.* at 3-5. The R&R recommends that Plaintiff's motion be denied, and that the Court order him to pay the required filing fee within 14 days. *Id.* at 6. The R&R alternatively recommends dismissing the case for lack of subject-matter jurisdiction. *Id.* Specifically, in screening Plaintiff's complaint, the magistrate judge noted that he has not established either diversity of the parties or federal-question jurisdiction. *Id.* at 7. This was in addition to several other obvious issues with Plaintiff's complaint. *See id.* at 8. The R&R informed Plaintiff he had 14 days to file written objections and failure to do so would preclude appellate review. *Id.* at 9.

On April 7, 2026, Plaintiff filed an interlocutory appeal. The Tenth Circuit has since dismissed the appeal. Doc. 9. Plaintiff has not otherwise responded to the R&R and the time to do so has passed.

Rule 72(b) governs R&Rs by magistrate judges on dispositive issues. The rule allows a party to file objections and states that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

The Court has reviewed the R&R and other filings in this case. The Court finds the observations and findings in the R&R are correct. Plaintiff's claims and allegations are difficult to follow, and it is not clear how Kansas is the proper jurisdiction or venue to adjudicate any of the claims asserted. Plaintiff has not specifically responded to the R&R. His notice of interlocutory appeal does state that Plaintiff has standing for his claims because he is a presidential candidate and "because the plaintiff is a supporter of President Donald John [Trump] who is insulted by the former president's conduct in particular and that a federal question is created from the Federal Tort Claims Act . . . ." Doc. 5 at 2. This relates to some of the issues identified in the R&R. But as the R&R noted, Plaintiff does not assert any claims against the United States that would support an

FTCA claim, *see Denney v. U.S. Postal Serv.*, 916 F. Supp. 1081, 1083 (D. Kan. 1996),[2] nor is being insulted by President Obama's appearance in interviews and podcasts a plausible tort claim. The only statements of jurisdiction in the complaint state that New Jersey and Connecticut have jurisdiction. Doc. 1-2 at 3. Thus, Plaintiff has not shown that this Court in Kansas has subject-matter jurisdiction over this case.

In sum, the Court adopts the alternative recommendation in the R&R that the case be dismissed for lack of subject-matter jurisdiction.

THE COURT THEREFORE ORDERS that the Report & Recommendation (Doc. 4) is ADOPTED as the order of the Court.

THE COURT FURTHER ORDERS that the pending motion to proceed in forma pauperis (Doc. 3) is DENIED AS MOOT.

THE COURT FURTHER ORDERS that Plaintiff's case is DISMISSED for the reasons stated above. This case is closed.

IT IS SO ORDERED.

Dated: April 24, 2026          /s/ *Holly L. Teeter*
                               HOLLY L. TEETER
                               UNITED STATES DISTRICT JUDGE

---

[2]  In addition to President Obama, Plaintiff also names as defendants Michelle Obama, President Joe Biden, Jill Biden, Hunter Biden, Justice Ketanji Brown Jackson, Andrew Mountbatten-Windsor, and British Prime Minister Keir Starmer. Most of these individuals are not otherwise discussed in the complaint, which also supports dismissal.

3